JAMES SPENCER, JR., Appellant, *v.* NEVADA STATE WELFARE DIVISION, Respondent.

No. 9794

September 28, 1978            584 P.2d 669

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, and *James G. Armstrong,* Deputy Attorney General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The natural father of five minor children born out of wedlock appeals an order terminating his parental rights. He here contends the district court erred in finding him an unfit parent,

and in finding he had made only "token efforts" to avoid being declared unfit.[1]

In our view, the record supports the judgment. There is ample evidence of an unstable and chaotic homelife, ultimately resulting in the children being taken into State Welfare custody for neglect and abandonment; of failure to make support payments as ordered; of failure to provide for medical needs, despite repeated notification by telephone and mail; and of erratic attendance of court-ordered counseling sessions to improve appellant's domestic situation. It appears that appellant has, in fact, never provided the children with an adequate homelife for any substantial period of time, and, in determining appropriatate action for their best interest, the district court judge noted all five were still under the age of eight.

We are unable to say that the lower court erred.

---

[1] NRS 128.105 provides:
"Grounds for termination of parental rights.

1. A finding by the court of *any one* of the following:

(a) Abandonment of a child;

(b) Neglect of a child; or

(c) Unfitness of a parent,

is sufficient ground for termination of parental rights.

2. Upon a finding by the court that a parent or parents have made only *token efforts:*

(a) To support or communicate with the child;

(b) To prevent neglect of the child; or

(c) To avoid being an unfit parent,

the court may declare the child abandoned or neglected or the parent unfit."
(Emphasis added.)

NRS 128.018 defines "unfit parent" as:

". . . any parent of a child who, by reason of his fault or habit or conduct toward the child or other persons, fails to provide such child with *proper care,* guidance and *support,* or who knowingly permits such child to associate with vagrants, vicious or immoral persons, or to live in a disreputable place."
(Emphasis added.)